

# The Attorney General of Texas

September 10, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable C. Michael Ederer
Delta County Attorney
Delta County Courthouse
Cooper, Texas  75432

Opinion No. MW-366

Re:  Whether salary grievance
committee under article 3912k,
V.T.C.S., may grant a raise in
excess of the amount requested

Dear Mr. Ederer:

You have asked for our opinion regarding the power of a salary grievance committee to grant a pay raise that is larger than the amount that was requested by the officer who applied for the increase. The statutory provision that is controlling in this situation is section 2 of article 3912k, V.T.C.S.

You state that in accordance with subsection 2(d) of the above provision the sheriff of Delta County requested in writing that he be given a fifteen percent increase in his salary.  Such a written request is required by the second sentence of subsection 2(d), which states that "[t]he request shall be in writing, shall state the manner in which he is aggrieved...." You indicate that all nine members of the salary grievance committee signed the recommendation that the sheriff be paid a salary of $1,000 a month.  This latter figure is in excess of the pay increase the sheriff would have received if his request for a fifteen percent increase had been granted.  The last sentence of subsection 2(d) states that in the circumstance when all nine members of the committee sign the recommendation for a salary increase the raise becomes effective without action of the commissioners court on the first day of the month following its delivery to the latter body.  In light of the facts, the only question that needs to be resolved in the situation that concerns you is whether the grievance committee was empowered to grant a raise that was in excess of the written request.  If it was possessed of this authority, the sheriff is owed the increase in salary from the first day of the month following the delivery to the commissioners court of the recommendation signed by all nine members of the committee.

The language in subsection 2(d) that must be construed in order to answer your question is that part of the provision that authorizes the committee to grant an officer a raise during the course of the fiscal year.  The relevant portion is the following:

> lf, after a hearing, the committee by a vote of six of its voting members <u>decides to recommend a change</u> in the salary, expenses, or other allowance of the person requesting the hearing, it shall prepare its recommendation in writing and deliver it to the commissioners court, which shall consider the recommendation at its next meeting. (Emphasis added).

This language empowers the committee to "recommend a change" and places no restriction on the committee's determination as to what such a change should be. The statute does not establish a specific limit beyond which the grievance committee cannot go. Since subsection 2(d) is devoid of any technical language or words that have a special legal meaning, we believe the committee is free to make a recommendation that an officer receive a pay increase that is larger than the amount that was asked for in his or her written request. As Justice Frankfurter stated in <u>Addison v. Holly Hill Fruit Products, Inc.</u>, 322 U.S. 607, 618 (1944):

> ...legislation when not expressed in technical terms is addressed to the common run of men and is therefore to be understood according to the sense of the thing, as the ordinary man has a right to rely on ordinary words addressed to him.

We believe the members of the grievance committee had a right to rely on the language of subsection 2(d) and to recommend a change in the sheriff's salary that was greater than the pay raise he asked for in his written request.

We note that the last sentence of subsection 2(d) was intended as an exception to the language that precedes it. The fact that this exception was applicable to the situation that interests you does not alter the committee's power to give a pay raise that is larger than the one requested. The exception, which deals with the unanimous recommendation of the committee, does not mention any type of limit on the amount of raise that all nine members can recommend.


## S U M M A R Y

Pursuant to the authority vested in it by section 2 of article 3912k, V.T.C.S., a county's salary grievance committee has the power to grant a pay raise that is larger than the amount that was requested by the officer who applied for the increase.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Walter Davis
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Walter Davis
Jim Moellinger